IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DERRICK L WALKER,

    Plaintiff,
v.                                    CASE NO. 1:19-cv-191-AW-GRJ

THE UNIVERSITY OF FLORIDA,
DR. KEVIN VINCENT, and
HOWARD REGAN,

    Defendants.
_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, initiated this case by filing a Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) and a motion for leave to proceed *in forma pauperis* (ECF No. 3). Plaintiff also seeks leave to utilize electronic filing in this case (ECF No. 4). The Court finds that leave to proceed as a pauper should be granted. For the following reasons, the Court concludes that this case is due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) because the named Defendants are immune from Plaintiff's claims for monetary relief. Leave to utilize electronic filing will therefore be denied as moot.

## I. <u>Plaintiff's Allegations</u>

The Complaint stems from a trespass warning issued to Plaintiff by the University of Florida Police Department (UFPD) in June 2017. Plaintiff alleges that he was being treated by University of Florida physician Dr. Kevin Vincent, whom he names as a Defendant in his official capacity. Plaintiff claims that on June 7, 2017, he informed Dr. Vincent about Plaintiff's concerns regarding alleged "major malpractice and misdiagnosis". Dr. Vincent called the UFPD and reported that Plaintiff had made terroristic or violent threats against the University. Plaintiff was trespassed from campus, preventing him from continuing his treatment at UF. Plaintiff claims that he was denied due process and equal protection by the UFPD, and that UFPD Officer Regan, also named as a Defendant in his official capacity, refused to investigate whether Plaintiff made the threats. Plaintiff claims that he "was treated like a pariah in the community". For his sole claim for relief, Plaintiff seeks compensatory damages in the amount of $500,000 and unspecified punitive damages. ECF No. 1 at 7-9.

## II. <u>Standard of Review</u>

Since Plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B).

Dismissals under § 1915(e)(2)(B) are governed by the same standard as those under Fed. R. Civ. P. 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the Complaint are taken as true and are construed in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282 (11th Cir. 2008); *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006); *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). Plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" and his complaint must include factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65, 1973 n.14, 167 L.Ed.2d 929 (2007).

...

## III. <u>Discussion</u>

Although Plaintiff conclusionally alleges that he was denied his constitutional rights to due process and equal protection in connection with the UF trespass warning, the Complaint is devoid of factual allegations showing that he availed himself of any procedures to contest the trespass warning, that such procedures were constitutionally inadequate, or that issuance of the trespass warning amounted to a violation of his right to equal protection.  *See* ECF No. 1.

More critically, Plaintiff has failed to establish that he can bring a claim for monetary damages (assuming he even has a cognizable constitutional claim) in federal court against the named Defendants.  The Court concludes that Plaintiff's claims for monetary damages against the University of Florida, UFPD Officer Regan, and UF physician Dr. Vincent are barred by the Eleventh Amendment.

Under the Eleventh Amendment, states and state agencies generally cannot be sued in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Abusaid v. Hillsborough Cty. Bd. of Cty. Comm'rs,* 405 F.3d 1298, 1302 (11th Cir. 2005). Federal jurisdiction over suits against states and their agencies is possible, however, where the

state consents or where Congress abrogates the state's Eleventh Amendment immunity. *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990).

The Eleventh Amendment applies to arms of the state and state agencies. *See Pennhurst State Sch. & Hosp.*, 465 U.S. at 100; *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (*en banc*). It is well settled in Florida that state universities are arms of the state that are entitled to Eleventh Amendment immunity. *See e.g., Byron v. University of Florida,* 403 F. Supp. 49, 51 (N.D. Fla. 1975); *Thornquest v. King,* 626 F. Supp. 486, 488 (M.D. Fla. 1985) (recognizing that Florida state universities are arms of the State entitled to Eleventh Amendment immunity from suits for damages); *Crisman v. Fla. Atlantic Univ. Bd. of Trustees.*, 572 Fed.Appx. 946, 949 (11th Cir. 2014) ("FAU is entitled to Eleventh Amendment immunity on Crisman's FL–ADEA claim."); *Irwin v. Miami–Dade County Public Schools*, 398 Fed.Appx. 503, 507 (11th Cir. 2010) (Irwin's claims against Florida International University . . . are barred by the Eleventh Amendment . . .").

Further, suing individuals in their official capacities is "another way of pleading an action against an entity of which an officer is an agent."

*Kentucky v. Graham,* 473 U.S. 159, 165 (1985).  A state, a state agency, and a state official sued in his official capacity are not "persons" within the meaning of § 1983, thus damages are unavailable.  *Edwards v. Wallace Community College*, 49 F.3d 1517, 1524 (11th Cir. 1995) (citing *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71, n. 10 (1989)); *Shinholster v. Graham*, 527 F. Supp. 1318, 1331–32 (N.D. Fla. 1981) ("After exhaustive examination of the applicable Florida Statutes and their legislative histories, the undersigned must conclude that the State of Florida has not statutorily waived its Eleventh Amendment immunity for itself, nor for any arms of the state, nor for its officers, employees or agents sued in their official capacities.").

There is nothing in Plaintiff's complaint that suggests that any exception to Eleventh Amendment immunity applies to Plaintiff's asserted federal claims for monetary damages stemming from the trespass warning. *See* Fla. Stat. § 768.28(18) ("No provision of this section, or any other action of the Florida Statutes . . . shall be construed to waive the immunity of the state or any of its agencies from suit *in federal court*, as such immunity is guaranteed by the Eleventh Amendment to the Constitution of the United States, unless such waiver is explicitly and definitely stated to be

a waiver of the immunity of the state and its agencies from suit in federal court." (emphasis added)); *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1301 (11th Cir. 2007) (finding that Congress has not abrogated states' Eleventh Amendment immunity for § 1983 claims).

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend "should be freely given." *See* Fed. R. Civ. P. 15(a).  Under *Foman*, however, a district court may properly deny leave to amend the complaint when such amendment would be futile.  *Foman*, 371 U.S. at 182.  Because Plaintiff may not bring his claims for monetary damages against the University of Florida and its officers, agents, or employees sued in their official capacities based on Eleventh Amendment immunity, the Court concludes that amendment of the Complaint would be futile.

### IV. Conclusion

For the foregoing reasons, it is **ORDERED:**

1. Plaintiff's motion for leave to proceed as a pauper, ECF No. 3, is **GRANTED.**

2. Plaintiff's motion for leave to utilize electronic filing, ECF No. 4, is **MOOT.**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** pursuant to 28 U.S.C.A. § 1915(e)(2)(B)(iii) because the Complaint seeks monetary relief from Defendants who are immune from such relief.

**IN CHAMBERS** this 2nd day of January 2020.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.